# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4276 | **DATE** | 9/19/12 |
| **CASE TITLE** | Tylon Hudson (2009-1120252) vs. Officer Vose, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. [4],[6]), is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.57 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk shall issue summonses for service on Defendants Vose and Janus and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Defendants Cook County, Dart and Preckwinkle are dismissed. The United States Marshals Service is appointed to serve all defendants.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

   Pro se plaintiff Tylon Hudson, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 6), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 5).

   The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 6) is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.57. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

   Plaintiff is assigned a vegan diet for religious purposes because he is an African Hebrew Israelite. On October 24, 2011, plaintiff did not receive the proper breakfast. He informed Cook County correctional officer Vose, who is named as a defendant in this action. According to plaintiff, Vose became angry and told him his religion was not real. Plaintiff suggested that he would raise the issue through a grievance and in response, Vose physically assaulted him. Defendant officer Janus allegedly stood idly by and failed to

**STATEMENT**

intervene to stop the assault.

Plaintiff may proceed with a claim for a malicious and sadistic use of force not employed in good faith to maintain or restore discipline against Vose, *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)), and a failure to intervene claim against Janus. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) (citation omitted). The Court notes that plaintiff explicitly invoked these two claims in his complaint, and did not assert a First Amendment claim as to either his religious rights, or retaliation following his mention of a grievance.

However, plaintiff cannot proceed against defendant Cook County because there is no suggestion that these alleged violations were pursuant to an official policy, widespread pattern or practice, or decision by a final policymaker. *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Equally, plaintiff cannot proceed against Sheriff Tom Dart and County Board President Toni Preckwinkle because there is no plausible allegation that they were personally involved with the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.").

The clerk shall issue summonses for service on Defendants Vose and Janus, and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Defendants Cook County, Dart and Preckwinkle are dismissed. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by plaintiff, the Cook County Jail shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.