```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

TYLON HUDSON,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 12 C 4276
                                 )
COUNTY OF COOK ILLINOIS, et al., )
                                 )
          Defendants.            )
_____)
                                 )
TYLON HUDSON,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 12 C 5063
                                 )
JOHN MUELLER, et al.,            )
                                 )
          Defendants.            )
```

MEMORANDUM ORDER

This Court's brief March 28, 2013 memorandum order dismissing both of these lawsuits was backed by major substantive underpinning. For a full understanding of that statement, it is first (and regrettably) necessary to review the bidding.

After pro se plaintiff Tylon Hudson ("Hudson") had filed a First Amended Complaint ("FAC") in each of these two actions, this Court had followed its regular practice, applicable whenever a preliminary screening of a pro se complaint has revealed at least surface plausibility (a standard that antedated the Supreme Court's promulgation of its Twombly-Iqbal canon by a good many years), of appointing a member of this District Court's trial bar

to represent the plaintiff pro bono publico.[1]

After an associate attorney in the law firm of appointed counsel Thomas Zimmerman, Jr. ("Zimmerman") had met with Hudson as part of an investigation of the law and facts involved in the two cases, Zimmerman then engaged in comprehensive research that led to his filing of a motion to withdraw as counsel, with his reason stated succinctly at pages 2-3 of his supporting memorandum (hereafter cited "Mem.--"):

> As set forth below, in Zimmerman's professional opinion the Mueller and Vose Complaints are wholly frivolous and without merit, and Hudson is not entitled to relief under the clearly established law of the Seventh Circuit Court of Appeals and numerous other federal jurisdictions. Accordingly, Zimmerman is unable to make a good-faith argument on the merits of either matter, or to support either matter by a good-faith argument for an extension, modification, or reversal of existing law. Therefore, Zimmerman must be permitted to withdraw as counsel.

That summary was followed by a detailed analysis that began with a like statement at Mem. 4, followed in turn by a discussion of Hudson's assertions and the applicable caselaw. On receipt of Zimmerman's motion and supporting memorandum, this Court issued a brief March 6, 2013 memorandum order that treated Zimmerman's filing as the equivalent of an <u>Anders</u> motion and brief and gave Hudson "the opportunity to respond on or before March 27 by submitting anything that in his own view negated counsel's

---

[1] As this Court has said many times, everyone involved in a lawsuit--plaintiff, defendant, the court--tends to be better served when there are lawyers on both sides of the "v." sign.

conclusion." When nothing was then forthcoming from Hudson, this Court issued the earlier-referred-to March 28 memorandum order that concluded in this fashion:

> [A]s foreshadowed in the Order this Court agrees with former counsel's evaluation of Hudson's claims. Accordingly it dismisses both of these lawsuits.

In early to mid-April Hudson responded in each case by what he labeled as a "Motion To Show Cause" that sought reinstatement of each action. In part Hudson explained that he had indeed prepared a response to this Court's March 6 order but had been the victim of an "extremely slow" mail system at the Cook County Jail that had prevented his response from being received in time, and he then went on to state his views as to why his lawsuits should be reinstated. This memorandum order will take matters up from there.

## Case No. 12 C 5063

This action challenged the administrative termination of Hudson's previously-ordered entitlement to receive a vegan diet based on his religious beliefs (Hudson characterizes his religion as that of a "devout African Hebrew Isrealite [sic]" (FAC ¶3)). But the facts reveal that the administrative cancellation notice issued to Hudson in early June 2012 stated:

> On 06/25/10 you indicated, that you understood question #11 on your Religious Diet Interview, that you may only purchase and/or consume foods in compliance with your religious dietary laws.
>
> Keefe Commissary documentation indicates that since

3

> 06/25/10, you have purchased commissary product(s) in violation of your Religious Diet Interview and/or your religious dietary requirement.

Although Hudson has <u>admitted</u> his purchase of such nonconforming commissary items, he said in FAC ¶13 that he "simply purchased commissary items consistent with his religious tenets, because those items were purchased for others as an appreciation for their legal assistance."

But that assertion does not invalidate the cancellation of his right to participate in the prison's restricted diet program. After all, the administration of that dietary program does not compel the administrators to conduct an individualized investigative search into the validity or invalidity of such an assertion, a hindsight look that would call for detailed interrogation and credibility determinations. As Zimmerman's Mem. 6-7 reported in detail, this precise issue of termination based on the purchase of non-religiously-certified foods has been dealt with by our Court of Appeals in <u>Daly v. Davis</u>, No. 05-cv-276 (S.D. Ill. Mar. 28, 2008), aff'd No. 08-2046, 2009 WL 773880, at *2 (7th Cir. Mar. 25), a decision that flatly rejected a challenge to cancellation of the type advanced by Hudson.

In short, this Court denies Hudson's motion for reinstatement of Case. No. 12 C 5063. This opinion turns, then, to Hudson's other lawsuit.

## 12 C 4276

In his FAC in this case, Hudson sued Cook County Sheriff Thomas Dart together with correctional officers referred to simply as "Officer Vose" and "Officer Janus" on a claim that also stemmed from the same factual background as the lawsuit just discussed. Here the triggering incident was the delivery by Officer Vose to Hudson of "an incorrect breakfast diet" (FAC ¶1), which started a rapidly escalating conversation that began with Hudson's statement that he had been assigned a vegan diet, with Vose (whom Hudson characterizes in FAC ¶3 as "appearing angry") then asking the purpose of the vegan diet and Hudson then responding that it was for religious purposes. That in turn led (1) to Vose's inquiring as to Hudson's religion, (2) to Hudson's responding "African Hebrew Isrealite [sic]" and then (3) to Vose's retort described in FAC ¶5:

> 5. Vose told the plaintiff that there are no such people as "Black Hebrews," and "Hebrew Isrealites" [sic] is a "fake religion."

That back-and-forth continued with Hudson stating "that if denied his religious diet, plaintiff would report his [Vose's] actions to supervisory officers by way of grievance" (FAC ¶8). Here, then, are Hudson's key allegations (FAC ¶¶10-11):

> 10. Vose, without warning, or justifiscation [sic], sadistically, wantonly, and in bad-faith, violently pushed the plaintiff against the wall, injuring plaintiffs back; violently grabbed plaintiffs arm, twisting it, causing the plaintiff extreme pain and mental and psychological anguish.

5

> 11. Vose, while holding the plaintiffs arm in a tactical and extremely painful position, pulled the plaintiff from his cell, while the plaintiff was clothed with (only) boxer underwear, and placed the plaintiff on the unit bench.

Codefendant Officer Janus was sued because he assertedly "stood by on observation, and in a tactical position, without intervention" (FAC ¶18).

This Court had credited those allegations for purposes of appointing pro bono counsel. But Zimmerman's detailed analysis (Mem. 10-11), with citations to and quotations from caselaw in this and other Circuits, has demonstrated convincingly that what Hudson has advanced is a de minimis use of force that did not equate to the type of excessive force needed to reach constitutional dimensions and thus support a Section 1983 claim.[2]

As stated earlier, this Court credits Hudson's statement as to his unsuccessful effort to file a timely response to this Court's March 6 memorandum order. But that said, all he has done at this point is to seek reconsideration of the dismissal of Case No. 12 C 4276, with no effort to provide meaningful substantive support for his claim that either of the two named officers (Vose and Janus) violated his constitutional rights. And in light of the caselaw authorities relied on by former pro bono publico counsel Zimmerman in his Anders-type memorandum, this Court sees

---

[2] All of us are familiar with the personal injury complaint that parrots the boilerplate assertions that plaintiff was rendered "sick, sore, lame and disabled."

6

no basis for reconsideration of the dismissal order in Case No. 12 C 4276. That motion too is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 21, 2013